Dear Mayor Menard:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask that we review Village of Cankton Ordinance 01-05 and determine its validity. You also ask for the provisions of law which require all public vehicles be marked, where the vehicles may be driven and who can be a passenger in the vehicle.
The Village of Cankton is governed by a Mayor-Board of Aldermen form of government which is called a Lawrason Act Municipality. These municipalities are governed by Louisiana Revised Statutes33:321 et seq. Section 321 is as follows:
 § 321. Municipalities governed by mayor-board of aldermen form of government
 All municipalities shall be governed by the provisions of this Part except those municipalities governed by a special legislative charter, a home rule charter or plan of government adopted pursuant to Article VI, Section 5 of the Constitution of Louisiana, or Part II or Part III of this Chapter.
Section 361 gives the Village of Cankton the authority to pass an ordinance which regulates the marking of public vehicles as well as where these vehicles can be driven and who can ride in them. Louisiana Revised Statute 33:361(A) states:
 Except as otherwise provided in this Part, a municipality shall be vested with all powers, rights, privileges, immunities, authorities, and duties heretofore possessed in accordance with all constitutional and statutory provisions with respect thereto. A municipality is further authorized to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law. *Page 2 
 Furthermore, La. R.S. 33:362 provides, in pertinent part:
 A. (1) The legislative powers of a municipality shall be vested in and exercised by the board of alderman. (2) The board of alderman may: (b) Enact ordinances and enforce the same by fine not to exceed five hundred dollars or imprisonment not exceeding sixty days, or both.
Louisiana Revised Statute, 49:121, sets out the requirement for the identification of vehicles belonging to the state or any of its political subdivisions, departments, boards, commissions or agencies. A copy of this statute is attached to this opinion for your review.
Accordingly, it is our opinion that the Board of Alderman for the Village of Cankton may adopt an ordinance designated to regulate the marking of and other rules governing public vehicles. Furthermore, a municipality may adopt ordinances that "track" the language of state statutes as long as the municipality does not attempt to either provide for the punishment of felonies or to provide for a greater penalty than the state statute provides in punishing the same crime. Article6, Section 9 of the Louisiana Constitution of 1974 prohibits preemption of state law by a local ordinance. The conflict between state law and a municipal ordinance renders the latter invalid.
We see no conflict between the state statute and your Ordinance 01-05. Therefore, Village of Cankton vehicles must be marked in accordance with La. R.S. 49:121 and Ordinance 01-05. Since the state statute does not address the specifics of who can drive and ride in a public vehicle, the provisions of Ordinance 01-05 addressing these issues stand.
We trust your questions have been answered. However, if you should need anything further do not hesitate to contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
 CCF, Jr:FJP:sc Enclosure *Page 3 
 ATTACHMENT
ATTACHMENT